IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COREY TAYLOR #534419, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) NO. 1:24-CV-00082 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| CHRIS BRUN, *et al.*, | ) MAGISTRATE JUDGE HOLMES |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Corey Taylor, an inmate of the Turney Center Industrial Complex in Only, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on behalf of himself and other inmates regarding their conditions of confinement. (Doc. No. 1). Also pending before the Court are the following motions: "Petition for Leave to Proceed as a Class Without Prepayment of Filing Fees" (Doc. No. 2); "Petition for Leave to Assign and Appoint Class Counsel or Class Administrator" (Doc. No. 3); "Petition for Urgent Protective Order/Injunction Order/Relief of Emergency Basis" (Doc. No. 4); "Petition Seeking Class Action Certification to be Recognized as a Class Action Suit" (Doc. No. 5); "Petition for Leave to Hold and Hear all Petitions and Hold an Emergency Hearing on Injunction Pursuant to the Unconstitutional Conditions" (Doc. No. 6); and "Petition for Leave for this Court to Allow Other Plantiff's [sic] to Opt Into/be Added Unto this Matter as Soon as all Signatures Are Collected" (Doc. No. 7).

### I. MOTIONS TO CERTIFY CLASS, ALLOW OTHER PLAINTIFFS TO OPT IN, AND PROCEED WITHOUT PREPAYING FILING FEES

In Taylor's "Petition for Leave to Proceed as a Class Without Prepayment of Filing Fees" he asks the Court to grant a class of "122 and not more than 130"[1] inmates pauper status "owing to [their]

---

[1] Other Mason, Lee, McCaleb, Franklin, Sinclair, and Smith, these 122 to 130 inmates are not identified in the complaint.

1

poverty and due to being a large class of inmates." (Doc. No. 2 at 1). Before addressing the matter of the filing fee, the Court first must address Taylor's request for class certification.

For a case to proceed as a class action, several requirements must be met, including that "representative parties will fairly and adequately protect the interests" of any class that may be certified. *See* Fed. R. Civ. P. 23(a)(4). However, it is settled law that "[a] prisoner proceeding without an attorney may not represent the interests of fellow inmates in a class action." *Boussum v. Washington*, 649 F. Supp.3d 525, 528 (E.D. Mich. 2023) (citing *Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) ("[P]ro se prisoners are not able to represent fairly the class.")).

Courts have noted that "pervasive impracticalities associated with multiple-plaintiff prisoner litigation ... militate[ ] against" allowing a prisoner to represent the interests of fellow inmates in a class action. *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) (citing *Boretsky v. Corzine*, No. 08-2265, 2008 WL 2512916, at *5 (D. N.J. June 23, 2008)). For example, "jail populations are notably transitory, making joint litigation difficult." *Id.* (quoting *Boretsky*, 2008 WL 2512916, at *5). Additionally, the individual plaintiffs within the class must meet the exhaustion requirement of 42 U.S.C. § 1997e(a). *Id.* (quoting *Boretsky*, 2008 WL 2512916, at *6).

Consequently, Taylor's motions for class certification (Doc. Nos. 2, 5) must be denied as well as his motion to permit other plaintiffs to opt in "as soon as all signatures are collected" (Doc. No. 7). He can advance claims on his only behalf only. *See Boussum*, 649 F. Supp.3d 525, 528 (noting that, although "Plaintiffs diligently addressed some of the impediments of prisoner litigation" and "every named plaintiff signed the complaint and submitted an application to proceed in forma pauperis", "wrongly or not, the law prohibits pro se prisoners from representing other prisoners in class actions.").

It necessarily follows that Taylor's motion to assign and appoint class counsel or a class administrator (Doc. No. 3) must be denied.

## II. COMPLAINT

Under Rule 11(a) of the Federal Rules of Civil Procedure, all pleadings filed with the Court must be signed "by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).

Taylor submitted a complaint purportedly seeking relief for himself and a putative class of over 100 inmates. (Doc. No. 1 at 1). He listed six of those inmates by name as co-plaintiffs: Steve Mason, Antonio Lee, Clarence McNab, Antonio Franklin, Tonnie Smith, and Stephen Sinclair. (*Id.*) However, only Taylor signed the complaint. (*Id.* at 7). Under his signature, Taylor handwrote, "See attached sheet for all others." (*Id.*) However, no attachment was filed. Thus, the complaint bears only Taylor's signature.

Every pleading must be signed by a party personally if the party is unrepresented. *See* Fed. R. Civ. P. 11(a). If Mason, Lee, McCaleb, Franklin, Smith, and/or Sinclair wish to be recognized as a co-plaintiff[2] to this action, each of them **MUST** sign the complaint and return it to the Court within 30 days. If the Court does not receive a signed complaint from these putative co-plaintiffs, the Court will not consider them to be, or to have ever been, co-plaintiffs to this action, and no filing fee will be assessed against them.

## III. FILING FEE

To file a federal civil lawsuit, a plaintiff must submit the civil filing fee or an Application for Leave to Proceed In Forma Pauperis ("IFP Application"). In addition, if seeking pauper status, a plaintiff must provide a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint as required by 28 U.S.C.§ 1915(a)(2).

When there are multiple plaintiffs in a case, as here, each plaintiff is proportionately liable for any fees or costs. *See Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999); *In re Prison Litigation*

---

[2] To clarify, co-plaintiff status is different than being a member of class action. As discussed herein, the Court cannot certify a class action in this case.

*Reform Act,* 105 F.3d 1131, 1137 (6th Cir. 1997).[3] Any subsequent dismissal of a plaintiff's case, even if voluntarily, does not negate that plaintiff's responsibility to pay his or her portion of the filing fee. *Fox v. Koskinen*, No. 2:09-cv-160, 2009 WL 2507405, at *1 (W.D. Mich. Aug. 24, 2009) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)).

Here, neither Taylor nor any of the named co-plaintiffs have submitted his portion of the civil filing fee or an IFP Application along with a certified inmate trust fund account statement. Therefore, the Clerk is **DIRECTED** to mail Taylor, Smith, Lee, Sinclair, Mason, McCaleb, and Franklin each an Application for Leave to Proceed in District Court Without Prepaying Fees or Costs for prisoners (Short Form, AO 240) (often called an IFP application). To proceed as co-plaintiffs in this case, each of them **MUST** do one of the following within 30 days of entry of this Order: either (1) file with the Court a written statement documenting his intention to pay his portion of the civil filing fee in this case[4]; or (2) complete and return the IFP application, along all with required documentation, to the district court. Inmates cannot submit a combined IFP application.

The inmates are forewarned that failure to comply with this Order will result in not being considered a co-plaintiff in this case. Further, should any inmate be transferred to a different facility, it may become untenable for these inmates to continue to jointly prosecute this action. And even if all co-plaintiffs remain at the same facility, the Court may determine that it is unworkable for multiple

---

[3] The Court recognizes that courts across the country handle this issue differently. *See, e.g., Montague v. Schofield*, No. 2:14-CV-292, 2015 WL 1879590, at *5 (E.D. Tenn. Apr. 22, 2015) (citing *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (holding that the PLRA, enacted to deter frivolous lawsuits by prisoners, does not allow multiple prisoners to join claims in a single Section 1983 action so as to split filing fees but requires payment of the full filing fee by each individual prisoner)); *Hagan v. Rogers*, 570 F.3d 146, 154-55 (3d Cir. 2009) (finding that while the PLRA does not prohibit joinder of claims by prisoners proceeding in forma pauperis, it does not allow split filing fees so that each prisoner plaintiff must pay the full filing fee); *Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004) (same). The practice of this Court is to apportion the filing fee among co-plaintiffs.

[4] This amount cannot be ascertained until the Court knows how many plaintiffs are in this action. The total amount due will be divided between the co-plaintiffs.

prisoners to proceed as plaintiffs to this action. It is too early in this litigation to make that determination.

Any party may request a written extension of time to comply with this Order if he does so within 30 of date of entry of this Order.

### IV. EMERGENCY MOTIONS

The Court acknowledges that Plaintiff has filed two motions seeking expedited relief in this matter. (Doc. Nos. 4, 6). The Court cannot address those motions until the matter of the filing fee has been resolved. *See Corey Taylor[5] v. Brandon Peone*, Case No. 1:24-cv-00045 (M.D. Tenn. filed 4/23/2024) (Campbell, J.) (holding plaintiff's TRO motion in abeyance until plaintiff resolves the filing fee); *see also Davis v. Precythe*, No. 4:22-CV-00444 AGF, 2022 WL 1165789, at *1 (E.D. Miss. Apr. 20, 2022) (requiring pro se prisoner-plaintiff to submit the civil filing fee or a motion to proceed in forma pauperis along with a certified prison account statement before the court can address plaintiff's motion for TRO seeking expedited relief); *Galvan v. Spaulding*, No. CV 19-11100-NMG, 2019 WL 2357042 (D. Mass. June 4, 2019) (directing pro se prisoner-plaintiff to file a complaint and resolve the filing fee before the court will address plaintiff's TRO motion).

The Court notes that Taylor's attempt to sign on behalf of other inmates, such as "All Plaintiff's [sic] attest and declare the same" (Doc. No. 6 at 1), is unsuccessful. All plaintiffs must sign a motion for the motion to pertain to them.

### V. CONCLUSION

For the reasons explained herein, "Petition for Leave to Proceed as a Class Without Prepayment of Filing Fees" (Doc. No. 2), "Petition for Leave to Assign and Appoint Class Counsel or Class Administrator" (Doc. No. 3), "Petition Seeking Class Action Certification to be Recognized as a Class Action Suit" (Doc. No. 5), and "Petition for Leave for this Court to Allow Other Plantiff's [sic]

---

[5] The plaintiff in that case is the same Corey Taylor who filed the instant lawsuit.

to Opt Into/be Added Unto this Matter as Soon as all Signatures Are Collected" (Doc. No. 7) are **DENIED**.

Plaintiff's other motions, "Petition for Urgent Protective Order/Injunction Order/Relief of Emergency Basis" (Doc. No. 4) and "Petition for Leave to Hold and Hear all Petitions and Hold an Emergency Hearing on Injunction Pursuant to the Unconstitutional Conditions" (Doc. No. 6), will be **HELD IN ABEYANCE** pending the resolution of the filing fee.

Going forward, to be recognized as a co-plaintiff to this action, Mason, Lee, McCaleb, Franklin, Smith, and/or Sinclair **MUST** sign the complaint and return it to the Court within 30 days. Taylor cannot sign on behalf of anyone else. Further, Taylor, Mason, Lee, McCaleb, Franklin, Smith, and/or Sinclair **MUST** comply with the Court's instructions regarding the filing fee within 30 days.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE